919 F.2d 739
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack ROBEY, Defendant-Appellant.
 No. 89-2396.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1990.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner moves for the appointment of counsel in this appeal from the district court's order denying his motion to correct an illegal sentence filed under Fed.R.Crim.P. 35(a). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Jack Robey was charged in a two count indictment with the manufacture and attempted manufacture of methamphetamine, a non-narcotic schedule II drug; aiding and abetting, and conspiracy to manufacture methamphetamine. Pursuant to a Fed.R.Crim.P. 11 plea agreement, Robey pleaded guilty to the manufacture, attempted manufacture and aiding and abetting charges. The conspiracy charge in count one was dismissed. He was sentenced to three years imprisonment and an eight year term of special parole and ordered to pay a fifty dollar special assessment.
 
 
 3
 Robey filed a Fed.R.Crim.P. 35(a) motion to correct an illegal sentence. He contended that the eight year special parole term was illegal because it was not authorized by statute and because it exceeded the three year special parole term for which he bargained. He also complained that the prosecuting attorney failed to disclose all the terms of the plea bargain, that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D), and that the indictment and sentencing were unreasonably delayed. Robey also raised issues concerning the validity of his plea, including ineffective assistance of counsel, double jeopardy and a violation of due process. In a supplemental pleading, Robey asked the district court to review his claims under 28 U.S.C. Sec. 2255.
 
 
 4
 The district court considered the motion to correct an illegal sentence under Rule 35(a) and did not address claims raised in the supplemental pleading. The Rule 35(a) motion was denied. On appeal, Robey reasserts his claims and argues that the district court erred by failing to consider his motion as a motion to vacate sentence under 28 U.S.C. Sec. 2255.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by denying the motion to correct an illegal sentence. Moreover, we conclude that the district court did not abuse its discretion by limiting its consideration of the motion as one filed under Fed.R.Crim.P. 35(a).
 
 
 6
 Accordingly, the motion for appointment of counsel is denied and the district court's order is hereby affirmed, without prejudice to Robey's right to file a motion to vacate, set aside or correct sentence under 28 U.S.C. Sec. 2255. Rule 9(b)(5), Rules of the Sixth Circuit.